Sneed, J.,
dissenting:
I can not concur in the opinion in this case, which-holds that, under our statutes, a proohein ami is not authorized to submit the infant’s case to arbitration.
It is a general principle, that an infant may sue by next friend, in law or in equity. The next friend’ is simply a medium interposed by the law on account of the minority and disability of the real party in interest.
Whatever may have been the doctrines of the ancient law upon the subject, they are now abrogated, by our statute, and the question must turn upon the construction of the statute and the reasons of the law.
If the next friend can bring and conduct the suit’ on behalf of an infant, there can be no reason why-he should not be authorized to select the forum which, in his judgment, is most advantageous to the infant. In either event, he is, here as in England, to be-treated as an officer of the court, and he is responsible as such. This action, in either event, is not absolutely binding on the infant, but may be disavowed' or ratified after his majority. And in either court *23 alike, the tribunal is required to see to it that due and proper protection be given to the infant.
The statute authorizes the submission of all causes-of action, whether there be a suit pending or not, by any party in interest, or by an executor, administrator’, guardian, trustee, or assignee for creditors, or by the trustee for a married woman. Code, secs. 3432, 3433. The submission will be made matter of record,, and the award becomes the judgment of the court.
This statute creates a special tribunal. Its objects are to save costs to the parties, and to quicken the wheels of justice.
Now, as we have seen, any person under disability may sue by next friend, and seek his remedies, and litigate his rights, in any form of proceeding known to the law.
The submission in this case was but a change of forum for the purposes of a trial; but for the purposes of final judgment, and the power to annul or recommit the award, the authority still vested in the court. The “ party in interest,” in the sense of the statute, is he whose interests are to be effected by the litigation. ■ In this case, it was the infant plaintiff, acting through the appointed medium of the law; and if the latter can institute and control a suit in behalf of the infant, I see not why he should be, in the absence of any express law, restricted in the choice of a forum to try and determine it, if he thinks a change of forum necessary. In either case, he ventures at his peril, and is bound for the costs if he fail; or,- if he succeed, the costs will be allowed him *24 out of the infant’s estate. Green v. Harrison, 3 Sneed, 131. He has no power to compromise, or to settle out of court, the debt of the infant. Miles v. Kaigler, 10 Yerg., 10. But he may prosecute to judgment the infant’s case in the forum of his choice, and the court will take care that the interests of the “ party in interest ” shall be protected.
The policy of the law, which allows infants to sue by next friend, was, originally, to protect them against the fraud or perfidy of their guardians; and the pro-ohein ami may be any person who will undertake the infant’s case, if he be responsible for the costs or damages which may follow the unsuccessful action. The infant is the party in interest, and not the pro-ohein ami; and whether the infant be in the nurse’s arms, or be just one day short of his majority, there can be no difference as to the general power of his next friend as his representative.
With great deference to the opinion of a majority of the court, I think that any other doctrine might in some cases amount to a denial of justice to the infant, as cases may occur where arbitration would be an absolute advantage, and perhaps a necessity, to the infant. I feel it my duty to say, therefore, that I can see no sound reason why this helpless class should be denied the benefit of the cheap and speedy remedy provided by the statute.
McFarland, J.
Inasmuch as I understand from the case as stated in Judge Burton’s opinion, that the question discussed does not arise, I express no owinion in regard to it.